1833.

Smith
v.
Smith.

---

### A. SMITH and wife *vs.* N. SMITH and others.

Where a bill is filed for the recovery of a legacy, and the executors are called upon either to admit assets, or to render an account of the estate, in their answer, if they neither deny the sufficiency of assets, nor set out an account of the estate, the court will presume the estate in their hands is sufficient for the payment of the legacy, and will make a decree accordingly.

A mere misdescription of the legatee does not render the legacy void, unless the ambiguity is such as to render it impossible, either from the will or otherwise, to ascertain who was intended as the object of the testator's bounty.

Where the testator has expressed his intention so ambiguously as to create a difficulty which makes it necessary to come into the court of chancery to give a construction to his will, or to remove the difficulty, the costs of the litigation are usually directed to be paid out of the estate; and the general residue is the primary fund for the payment of such costs.

THIS was an appeal by N. Smith and wife, and by Barker and Carpenter, two of the executors of C. Thomas, from the

October 28.

1833.

Smith
v.
Smith.

decree of the vice chancellor of the first circuit. The facts in the case and the reasons for the decree of the vice chancellor are stated in his opinion as reported in 1 *Edward's Ch. Rep.* 189.

*W. Silliman,* for the appellants.

*R. Bogardus,* for the respondents.

THE CHANCELLOR. A mere misdescription of the legatee does not render a legacy void, unless the ambiguity is such that it is impossible to ascertain, either from the will itself, or from proof dehors the will, who was intended as the object of the testator's bounty. For the reasons stated by the vice chancellor, I think he was correct in the conclusion at which he arrived, that Mary Smith, the wife of Abraham Smith, the complainant in this suit, was the legatee intended by the testatrix. And the complainants, having been compelled to come into this court to obtain payment of the legacy, were entitled to their costs, either against the defendant N. Smith, who claimed the legacy as belonging to his wife, or against the estate of the testatrix, which had come to the hands of the executors. The complainants were also entitled to interest on the legacy. By the complainants' bill the executors were called upon to render an account of the property left by the testatrix, or to admit sufficient assets for the payment of the legacy. As no account is rendered, and the executors do not in their answers state that there is any deficiency of assets, I must presume there is sufficient for the purposes of this suit. It would therefore be a useless expense to direct an account to be taken of the estate of the testatrix which has come to their hands. If the surplus has been paid over to the residuary legatees, I take it for granted that the executors have obtained the usual security to refund in case of a deficiency.

The only question, therefore, which arises on this appeal is as to the costs as between the original defendants. As a general rule, if the testator has expressed his intention so ambiguously as to create a difficulty, which makes it necessary to come into the court of chancery to give a construction to the

will, or to remove the difficulty, the costs of the litigation must be borne by his estate. And the general residue is the primary fund for the payment of such costs. (3 *Brown's C. C.* 27. 6 *Vesey's Rep.* 349. 1 *Sch. & Lef.* 12. 3 *Peer Williams,* 303.) In this case, however, the litigation was produced by the claim of the defendant N. Smith, and has evidently been carried on for his benefit. I cannot, therefore, say that the whole costs ought, in equity, to be paid out of the estate belonging to the residuary legatees, instead of being charged personally upon him. That part of the decree which directs the costs of his defence to be paid out of the assets in the hands of the executors, goes beyond the opinion of the vice chancellor, and was probably inserted in the decree through inadvertence or by mistake. As this is a joint appeal, by two of the executors and by N. Smith and wife, in which all of the appellants appear by the same solicitor and counsel, I cannot presume it was brought for the purpose of disposing of these questions of costs, as between themselves, in which questions the complainants have no particular interest.

The decree of the vice chancellor must therefore be affirmed, with costs to be paid by the appellants.