C. GARDNER, administratrix, &c. vs. E. GARDNER and others.

Where a testator, who held several mortgages against his brother, bequeathed one half of his residuary personal estate to his wife, and the other half to the children of his brother, to be paid to them at twenty-one; and by his will directed his executors not to foreclose the mortgages until after his brother's death, as it was the testator's wish that until that time the interest of the mortgages should be used and applied to the support of the brother and such of his children as should not have received their shares of the personal estate bequeathed to them; *Held*, that the brother and his children were entitled to the whole of the interest on the mortgages, including the interest in arrear at the death of the testator; and that upon the death of the brother the principal of the mortgages only could be collected for the benefit of the testator's residuary legatees.

If an administratrix brings an appeal for her own benefit, and fails therein, she will be personally charged with the costs of the appeal.

THIS was an appeal from a decree of the vice chancellor of the first circuit. The bill was filed to foreclose several

April 18.

mortgages given by Charles Gardner to J. Gardner; and the only question in controversy between the parties was as to the interest upon the mortgages, which accrued previous to the death of Charles Gardner, the mortgagor. This question depended upon the construction of the will of J. Gardner, made in July, 1825. By this will he bequeathed to his wife, the complainant, his household furniture and one half of his residuary personal estate; and the other half of such residuary personal estate he bequeathed to the children of his brother Charles, to be paid to them respectively at the age of twenty one, or sooner if their necessities should require it. The will then concluded as follows: " And I do hereby order and direct my executors hereinafter named, not to foreclose any or either of the several mortgages which I hold on the estate of my said brother Charles Gardner until after his decease; as it is my wish that until that time the interest thereof shall be used and applied to the support of my said brother and such of his children herein before named as shall not at the time have received their share of my personal estate herein before bequeathed to them." James Gardner died in July, 1829, without having demanded or received any interest upon the mortgages after the making of his will; and Charles Gardner died in June, 1832. The vice chancellor decided and decreed that by the will of James Gardner, his brother Charles became entitled to the interest in arrear upon the mortgages at the death of James, and also to the interest which accrued afterwards during the life of Charles; and that the principal monies and the interest which had accrued subsequent to the death of Charles was all that was due and collectable upon the mortgages. From this decree the complainant appealed.

*W. N. Dyckman,* for the appellant.

*Robert Bogardus,* for the respondents.

THE CHANCELLOR. The vice chancellor is clearly right in the construction which he has given the will of James

Gardner. If the court does not resort to some technical construction for the mere purpose of defeating the manifest intention of the testator in this case, there cannot be a doubt that Charles Gardner was entitled to the whole interest which would otherwise have been payable on the mortgages down to the time of his death, for his own support, and to assist him in bringing up his minor children. The previous bequests, in general terms, of one half of all his personal estate to his widow and the other half to the children of his brother, must be controlled by this subsequent clause, so as to give to each one half of the principal sums due on these bonds and mortgages, to be paid at the death of Charles. And as the complainant has brought this appeal for her own benefit, after a decision against her which ought to have been satisfactory to her counsel, she has no claim to be excused from the payment of the costs of the appeal, which costs must be charged upon her personally.

The decree of the vice chancellor is therefore affirmed, with costs.