# CHESHIRE,

## JUNE TERM, A. D. 1860.

---

THE ATTORNEY-GENERAL, at the relation of ABBOT & a.
*v.* THE TOWN OF DUBLIN & a.

If a party claims as legatee, and his bill is dismissed, he will not be enti-
tled to his costs out of the testator's estate; especially, if he long neg-
lected to bring a suit.

THIS case was heard and decided July term, 1859, and
is reported in 38 N. H. 459.

*C. R. Morrison,* counsel for the plaintiffs, then moved
that their costs should be paid out of the fund. He con-
tended that a town, as trustee of a charitable fund, is
entitled to indemnity out of the fund; Dan. Ch. Pr.,
1517, 1554, 1584; and that the plaintiffs should not be
required to pay costs in a case like this; at least, not to
the trustee, who can be reimbursed out of the fund. Dan.
Ch. Pr., 18, 1516, 1520, 1541, 1584; *Jones* v. *Mason,* 5
Rand. 577; *Hofner* v. *Skinner,* 5 Paige 526; *Murray* v.
*Phillips,* 1 Paige 472; *Nicoll* v. *Huntington,* 1 Johns. Ch.
165; 1 Ves. Jr. 55, 205, 221, 246, 280, 423, 426; *Attorney-
General* v. *Aglander,* 1 Ves. Jr. 246.

In anticipation of this question, the witnesses, it is said,
were paid by the society; but this should make no differ-
ence. The depositions were taken by all the defendants,
and were used by all, and the expense should be charged
upon the fund. The questions were new, in this State,
doubtful, to say the least, and important.

*Cushing*, for the defendants. The charge was that the society and its ministers had had the benefit of this fund in violation of the trust. The bill charged a misappropriation, and called for an account. No principle excuses the plaintiffs from paying costs to those they have thus called in to answer and account. There is no reason the other defendants should not receive costs, though the town, which has no interest except as trustees, should be paid from the fund. The defence properly belonged to the society, and the society, under my advice, paid the expenses. What indemnity are they to have? Surely not from the fund, to which they have established their claim against the relators. The rule in equity is the rule of our law. The party in fault pays costs. The authorities cited show that in some cases, as (1) where relators have no personal interest, but interfere merely for the protection of the fund, they pay no cost. Here they had a private and personal object, to secure this fund, or a share of it, for their own society. (2) Where there is reasonable ground to believe the fund misapplied. Here was no such ground. The devisor knew what he meant by the society to which he had preached.

BELL, C. J. By the practice of the English chancery, where a will is so ambiguously expressed as to make it proper for the executor to take the direction of the court, if he has acted fairly, he will be allowed his costs out of the general estate. And the same rule is generally applied, where the action is brought by any party in interest. *Jolliffe* v. *East*, 3 Bro. C. C. 27; *Ruddock* v. *Poole*, 1 Jur. 980; *King* v. *Strong*, 9 Paige 94; *Hawley* v. *James*, 5 Paige 318; *Smith* v. *Smith*, 4 Paige 271; *Sawyer* v. *Baldwin*, 20 Pick. 378; Dan. Ch. Pr. 1573.

And if all proper parties are before the court, the whole costs of the suit and of all parties, will be allowed out of the residuary portion of the estate. *Floyd* v. *Barker*, 1

Paige 480; *Irving* v. *Dekay*, 9 Paige 521; *Lamphire* v. *Despard*, 1 Con. & Law. 200; *Miller* v. *Rowan*, 5 Cl. & Fin. 99. If the fund in controversy has been separated from the residue of the estate, and paid over, the costs may then be allowed out of the fund in controversy. *Morrill* v. *Dickey*, 1 Johns. Ch. 153; *Dunscomb* v. *Dunscomb*, 1 Johns. Ch. 508; *Rogers* v. *Ross*, 4 Johns. Ch. 608; *Chase* v. *Larkerman*, 11 G. & J. 185; *Depeyster* v. *Clendinning*, 8 Paige 295; *Ryall* v. *Hannam*, 11 Jur. 76; *Thomasson* v. *Moses*, 5 Beav. 77; *Attorney-General* v. *Carr*, 4 Beav. 297; Dan. Ch. Pr. 1576.

These rules, as is said by *Walworth*, Ch., in *King* v. *Strong*, 9 Paige 100, are not inflexible, but there are recognized exceptions, in which the costs may be apportioned among the owners of the different interests in litigation; others in which the costs will be charged to the parties individually, and others, in which the parties will be left to bear their own costs, according to the equities existing in particular cases.

The general rule which gives costs to the victorious party, and throws them upon the unsuccessful party, applies equally to cases in which the parties are suing, or defending *in autre droit*, and to those in which they are *sui juris*. Therefore executors, administrators or trustees, instituting or defending suits against strangers to their trusts, in those capacities, are subject to the same rules as to costs, as they would be if suing or defending in their own rights. *Wesley* v. *Williamson*, 2 Moll. 458; *Edwards* v. *Harvey*, Coop. 39; Dan. Ch. Pr. 1521, 1564.

It is on this principle, it is held, that where a trustee has a private interest of his own, separate and distinct from the trust, and obliges the *cestui que trust* to come into court, merely to hear the point relating to his own private interest, he will be decreed to pay the whole costs. *Henley* v. *Phillips*, 2 Atk. 48; *Dupont* v. *Johnson*, 1 Bailey Eq. 279; *Gardner* v. *Gardner*, 6 Paige 455; *Hunn* v. *Norton*,

1 Hopk. 344. So where litigation has been caused by a claim on the part of an individual, which was not sustained, such claimant may be personally charged with the costs. *Smith* v. *Smith*, 4 Paige 271; *Cheney* v. *Mott*, 5 L. J. (N. S.) ch. 165; or the costs may be apportioned, as in *Mitchell* v. *Blain*, 5 Paige 588.

So, too, though a legatee, filing a bill for his legacy, is said to be entitled to his costs generally out of the estate; yet this must be understood as applying to those cases only in which he is successful in the suit. If a person claims as legatee, and his bill is dismissed, he will not be entitled to his costs out of the testator's estate, notwithstanding there is an ambiguity in the will, which renders it necessary to apply to the court for its construction. *Lister* v. *Sheringham*, 1 Newland Ch. Pr. 397; Dan. Ch. Pr. 1571.

But it is said that in such cases, if considerable difficulties are involved, occasioned by conflicting decisions and the acts of the testator, the court will make each party pay his own costs, by ordering the dismissal to be without costs. So it will, also, where the plaintiff has a fair ground for making his claim. *Cogan* v. *Stevens*, Lewin on Trustees, Apx. II. 698; *Brasbridge* v. *Woodruffe*, 2 Atk. 69; *Forbes* v. *Taylor*, 1 Ves. Jr. 99.

Upon these views of the law on this subject, it does not seem to us that there is here any just ground to charge the expenses of this litigation upon the fund in controversy. The action is brought by the plaintiffs for the purpose of recovering a private right to which they thought themselves entitled. They have failed to satisfy the court of the correctness of their construction of the will in question, and they consequently stand in the position of mere strangers, setting up a claim which they are unable to support.

Though the court have the power, consistently with the doctrines of the courts of equity, to dismiss the bill with-

out costs, yet the present does not seem to us to be a case calling for such a departure from the general rule, that costs follow the event of every action or petition. It has been held that where a plaintiff has slept upon his rights for a great number of years, and has allowed the defendant to suppose that he would not enforce them, he will frequently, though successful, be deprived of costs; *Anon*, 2 Atk. 14; 2 Dan. Ch. Pr. 1539; *Clifton* v. *Orchard*, 1 Atk. 610; *Pierce* v. *Newlyn*, 3 Mad. 186; *Guest* v. *Humphray*, 5 Ves. 818; much more would it seem that if unsuccessful he would have no claim to be exempted from costs. Here it is apparent that the great difficulty in giving a construction to this will has resulted from the obscurity thrown over the facts and attendant circumstances by the lapse of nearly forty years.

*The motion is denied, and the plaintiffs charged with costs.*