THE CHURCH AND CONGREGATIONAL SOCIETY IN GREENLAND *v.* ALBERT R. HATCH.

A bequest to the Church or Congregational Society in Greenland may be construed as a gift to the Congregational Society in Greenland, it being shown that there was a legal corporate body of that name, having charge of the support of the religious worship of the church and society of the Congregational order, at that place, for many years, and there being no corporation or association bearing the name given in the bequest.

Such a bequest is therefore not void for uncertainty.　When the bill alleges assets in the hands of the administrator, and this is not denied by the answer, assets will be presumed.

After the hearing upon the bill, answer and proofs, an amendment may be made of the name of the complainants to conform to the proofs.

THIS is a suit in equity brought by the Church and Congregational

Society in Greenland against Albert R. Hatch, administrator of the estate of Francis March, late of New York, deceased, to recover a legacy under the will of said March, dated December 17, 1855, the testator having died in the autumn of 1858.

The bill alleges that the will was duly proved and allowed in New York, November 1, 1858, and a copy duly authenticated, filed and recorded in the probate office of the county of Rockingham, and the said Hatch was appointed administrator with the will annexed by the Judge of Probate on the second Tuesday of January, 1867, which trust he accepted; that by the will, Clement March of said Greenland, a nephew and one of the residuary devisees of the testator, was appointed executor of said will and was duly qualified as such. The bill states the bequest to be in the words following, viz: "I give and bequeath to the Church or Congregational Society in Greenland, Rockingham county, State of New Hampshire, their successors and assigns, the sum of five thousand dollars; the interest of which sum is to be appropriated to the support of the clergyman of said church or society."

That upon the said Clement March being so qualified, a large amount of property, both real and personal, both in New York and in the county of Rockingham, came into his possession, and he was immediately after requested to pay said sums, but he neglected to do so, though he recognized the plaintiff's right to receive it, and his liability to pay it, and from time to time did pay the interest upon it.

That upon the appointment of said Hatch a large amount of assets came into his hands, to wit, the sum of $20,000, and that on March 5, 1867, he was requested by the plaintiffs to pay said sum, which he refused to do. And the bill prays an account of the amount due and that defendant may be decreed to pay the same and for general relief.

The answer admits the making and proof of the will, the acceptance of the trust of executor by Clement March and the bequest as stated in the bill, but denies that there was any such corporate body or association as the Church or Congregational Society in Greenland, and that there was and is not any such person, body, corporation or association by law authorized to sue for, receive, or hold said legacy. And if otherwise held the defendant believes that all the personal property of the deceased came into the hands of the executor in New York, and he avers that the same was fully administered. That whether any such demand for the legacy was made upon said Clement March, or whether he promised to pay it, the defendant does not know, but denies that there was any person or corporation authorized to make such demand and denies that any such was made.

He admits his appointment as administrator, but says no assets have ever come into his hands or within his control in this State. But he admits that testator died seized of real estate in Greenland and Portsmouth, which might be sold to pay just debts of the estate; that the testator gave other legacies, and defendant does not know whether they have all been paid or not, nor whether there are any debts against the estate.

He admits that about April 1, 1867, a notice in writing was delivered

to the defendant, a copy of which is annexed to the answer. It pur-
ports a demand by the Church and Congregational Society of Greenland
of this legacy with a request to pay it either to said church or society or
their attorney William H. Y. Hackett, with an endorsement upon it
signed by said Hatch that he had received and read the paper, but was
not aware of the existence of any such corporation or organization as is
described in the will, nor could he admit that the parties named are en-
titled to the legacy or have any authority to appoint an attorney ; saying
that when any party lawfully entitled to any legacy under the will shall
appear, he should be happy to undertake to pay it out of his assets.

The answer further says that about September 1, 1864, certain in-
habitants of Greenland who are or claim to be a majority of those who
call themselves the Congregational Society in Greenland did, in writing
addressed to said Clement March, and afterwards addressed and deliv-
ered to this defendant, remonstrate against the payment of the legacy
to the persons who assume to act as plaintiffs in this suit; and defendant
says that believing the plaintiffs not entitled to receive and hold this
legacy, he has not ventured to interfere with the real estate, and he
prays the advice of this honorable court, and submits himself to their
direction, praying that he may have the same benefit from his defence as
if he had specially pleaded the same.

*W. H. Y. Hackett* for plaintiff.

*Hatch, pro. se.*

BELLOWS, J. It is urged by the defendant that this bequest is void
for uncertainty ; that it is in effect to the Congregational Church, or to
the Congregational Society, in Greenland ; and that, as there are two
distinct bodies or associations bearing those names, it is impossible to
determine which shall take.

In determining this question it may be useful to consider the charac-
ter of the two bodies. From the examination of the records which are
in the case, it appears that the Congregational Society in Greenland
was organized in March 1831, under the act of July 3, 1827, and for
aught we can see the organization was valid, and the society became a
legal corporate body. The declared object of the society was to main-
tain public worship in Greenland according to the Congregational order,
and immediately upon its organization provision was made for the sup-
port of the minister of that parish by authorizing a tax upon the polls
and estate of its members, and it was provided that its officers should
consist of a clerk, three assessors, a treasurer and collector to be chosen
at each annual meeting. It appears from the records that this organi-
zation has been kept up ever since, down to April 6th, 1858, when
the last recorded meeting was holden and officers chosen ; and it appears
that this society during this time has taken the charge of the financial
affairs of the parish, and the support of its ministers.

On the other hand there is no record of any organization of the
church. It appears for a long time to have been called "The Congre-

gational Church of Christ in Greenland," and sometimes " The Congregational Church in Greenland." . The records of this body show an existence as far back as the early part of the last century ; and until the organization of the Congregational Society the prudential affairs of the parish and the support of public worship was managed by the town of Greenland in its parochial capacity. It appears from the records that the church, as such, has at all times taken a part in the selection of the pastor, but it does not appear that it has undertaken to manage the prudential affairs of the parish, or to raise money for the support of public worship, but that these duties have been performed by the town, and afterwards by the Congregational Society, which by law had the power for those purposes to raise money by taxes upon the polls and ratable estate of its members. This church appears always to have been connected with this parish and society, and dependent upon their funds for the support of religious worship ; having no organization fitted for the raising of money or the management of the prudential affairs of the parish.

The character of these two bodies, as derived from these records, is in accordance, we think, with the ordinary character of bodies of a similar designation connected with the sect of Christians known as Congregationalists.

The question then is, What is the true construction of this bequest? Or is it void for uncertainty? It is urged on the part of the plaintiff that by the terms, " I give and bequeath to the Church or Congregational Society in Greenland," the testator meant the Congregational Society alone, and that the term " church" was used as synonymous with the term "society" and not as indicating a separate and distinct body. And it is we think a matter of common observation that the terms " church " and " society " are popularly used to express the same thing, namely, a religious body organized to sustain public worship.

As tending to show that the society only was meant by the testator it will be observed that he uses its true corporate name, while on the other hand he does not use the name of the other body associated with it. The name of that body, as we have seen, is the Congregational Church of Christ in Greenland, or the Congregational Church in Greenland, and the term " Christ " in the bequest cannot be regarded as designating this body. To be sure, from its connection with the other parts of the bequest, it might be inferred that the *Congregational Church* was intended, and it might perhaps properly be read as a bequest to the Congregational Church or Society in Greenland ; meaning but one body, and that the corporate body known as the Congregational Society in Greenland.

A strong argument in favor of such an interpretation is derived from the facts that this society had assumed and exercised the duty of supporting the minister and of raising money for that and other parish purposes, and was a legal corporate body ; while the church was composed of members of that society, and had no corporate organization, and as a church had no charge of the financial affairs of the parish and no responsibility for the support of public worship.

The object of the bequest was plainly to aid in the support of public religious worship in that parish; and the obvious and natural mode of doing it was to entrust the fund to the corporate body upon which the duty rested. To associate with this society in this trust, a body having no legal organization, and no duty in respect to the support of a minister was not to be expected; and looking at the terms of the bequest and the surrounding circumstances we think that the testator intended to give this fund to the Congregational Society in Greenland to hold for the support of the clergyman of that society.

Of course, this description of the legatee is imperfect in this case, but that does not render the legacy void unless the ambiguity be such that it is impossible either from the will or otherwise to ascertain who is the object of the testator's bounty. *Smith & ux.* v. *Smith & al.*, 4 Paige Ch. Rep. 271. Here we think there is no such ambiguity, and that the bequest is valid.

A devise is held to be void for uncertainty only when after a resort to oral proof it still remains matter of mere conjecture what was intended by the instrument. *Townsend* v. *Downer*, 23 Vt. Rep. 225; Redfield on Wills 694, § 48, and 695, § 50; *Powell* v. *Davis*, 1 Beav. 532. So to give effect to the intention of the testator the word " or " will often be construed to mean " and." Greenl. Cruise Dig. Tit. 38, ch. 9, § 18; 1 Jar. on Wills 446, & *al.*; *Forsaith* v. *Clark*, 21 N. H. 424.

There is no proof that the annual income of the property held by this Congregational Society, including the bequest now in question, exceeds the sum of two thousand dollars.

As we hold this society to be a legal corporation, the objection that the suit ought to be in the name of the trustees, deacons or other similar officers does not apply, and besides it would seem that in the case of unincorporated religious societies they may under section 7 of the Comp. Stat., ch. 153, sue as if a corporate body.

The bill alleges assets in the hands of the defendant to the amount of $20,000. The answer admits real estate in Portsmouth and Greenland which might be sold to pay just debts; but that believing that there was no valid claim for this legacy the defendant had not ventured to interfere with this real estate. Under these circumstances it is to be presumed that the defendant has assets. *Smith & ux.* v. *Smith*, 4 Paige Ch. Rep. 271.

The defendant urges in his answer, that members of this society had remonstrated against paying this legacy to the society, in writing signed by them. But we think that can be no defence to this suit. In the first place the society can act only at a meeting called for that purpose; and it does not even appear that the signers of the remonstrance are a majority of the members of the society. It will be observed that in the remonstrance they style themselves members of the Congregational Church and Society or interested therein.

The suit is brought in the name of the Church and Congregational Society in Greenland, but upon the views we have expressed it should be in the name of the Congregational Society in Greenland; but we

think this may be corrected even at this stage by amendment; setting forth also that it is a corporation.

Upon this amendment being made, a master may be appointed to ascertain the amount due on account of this legacy.