ORLEANS COUNTY.—HON. ISAAC S. SIGNOR, SURROGATE.— January, 1887.

LUDLAM *v.* HOLMAN.*

*In the matter of the probate of the will of* SUSAN COBB, *deceased.*

The will of testatrix provided: " I give, devise and bequeath all my household furniture, wearing apparel and jewelry to A. and B., to be distributed as I may designate and direct them while living."—

*Held,* that this was an attempt to create a trust, void for uncertainty, in failing to give means of identifying the beneficiaries; and that the effects described fell into the residue.

CONSTRUCTION of will on application for probate. The facts appear sufficiently in the opinion.

WHEEDON & RYAN, *for S. E. Ludlam.*

S. E. FILKINS, *for N. S. Holman.*

THE SURROGATE.—This is a proceeding, under § 2624

---

* Appeal pending in Court of Appeals.

of the Code of Civil Procedure, for the construction of the following clause of the decedent's will: "*Eighth.* I give, devise and bequeath all my household furniture, wearing apparel and jewelry to Sally E. Ludlam and Nancy S. Holman, to be distributed as I may designate and direct them while living." ·

Counsel for Mrs. Ludlam claims that the bequest is void for indefiniteness, and is an attempt to dispose of property by parol, instead of by a written will; while counsel for Mrs. Holman claims that the intent, as expressed by this clause of the will, is to give the property to the two persons named, and so far is valid, and is only invalid as to the further direction, "to be distributed as I may designate and direct them while living," and insists that they take the property in equal shares, and irrespective of any directions afterwards given by the testatrix. Mrs. Ludlam is the residuary legatee named in the will.

This is not a bequest to the persons named, to be distributed as *they* may designate and direct, but as the testatrix may direct them in her lifetime. It is not necessary, in order to create a trust, that express words of trust should be used, if from the terms of the instrument an intent to create a trust is clearly implied; and in determining whether the testatrix intended, in this case, to create a trust or to make an absolute gift, resort may be had, not only to the clause in question, but to the entire instrument. The testatrix uses the words "to be distributed as I may designate and direct them," and, to complete the meaning, we may add the words, "to distribute said property."

It seems clear to me that the intent was, to constitute the two persons named trustees simply, and not to designate them as beneficiaries. She had made bequests to each separately, and had made a number of other bequests, and, in every other instance where property is bequeathed or devised, she uses the expression, "I give the same *absolutely*" : It is a general rule of construction, laid down by Jarman, that words occurring more than once in a will shall be presumed to be used in the same sense, unless a contrary intention appear (2 Jarm. on Wills, 842), and it would seem that, where the same word is used in all clauses but one, its absence there should be regarded as of some significance; and that she did not intend to make this bequest to these persons *absolutely*, but *in trust*, to go to such beneficiaries as she should afterwards designate, and in such portions as she should direct.

The words, "to distribute the same," taken in their ordinary meaning, signify—"to divide among several," and are words of a broader signification than merely "to divide," or separate into parts; conveying the idea not only of dividing, but also of passing the articles divided over to the beneficiaries who were to be thereafter designated. The effect of such a bequest, if sustained, would be to allow the testatrix to name her trustees by the will, and to make the bequests by parol, or in any other manner, without the formalities and safeguards required in making a will.

In some instances, a power of distribution may be committed to executors, where the power of appointment has been exercised in the making of the will to

such an extent that the beneficiaries are known, or can easily be ascertained (Power v. Cassidy, 79 *N. Y.*, 602), but in the clause under consideration, the testatrix gives her trustees neither the power of appointment nor of distribution, and gives no means of ascertaining who she intends shall be the beneficiaries. The trust cannot be executed, without further direction of the testatrix, nor, in fact, without a further will or codicil. Having arrived at this conclusion, I think there was a failure to create a valid trust, or to make any valid disposition of the property mentioned in this clause of the will, and, as it is all personal property, it becomes a part of the rest and residue of the estate, and passes by the residuary clause (Van Kleeck v. Dutch Church, 20 *Wend.*, 457; King v. Strong, 9 *Paige*, 94; Kerr v. Dougherty, 79 *N. Y.*, 327; Matter of Benson, 96 *N. Y.*, 499).

A decree may be entered accordingly.