MOUNT *v.* MOUNT *et al.*

(*Supreme Court, Special Term, New York County.* November 10, 1888.)

WILLS—CONSTRUCTION—LAPSED LEGACY.

A testator, after making specific bequests, directed as follows: "All the rest, residue, and remainder of my estate, both real and personal, I give, devise, and bequeath to my brother H., and my sisters, M., C., and S., in equal shares, and to their respective heirs and assigns, forever." *Held* that, H. having died before the testator, leaving no lineal descendants surviving him, his share under the will lapsed, and should be distributed to the heirs of the testator.

At chambers, on motion to confirm referee's report.

Action by Susan Mount against Charlotte A. Mount and others, for partition of land. The case was referred to George Putnam Smith, as referee, to ascertain the rights or the parties, and his report is as follows:

"Richard E. Mount, Jr., died in the city of New York, March 31, 1880, seized and possessed of certain real property and of certain undivided shares in other real property, which are involved in the present action. He left a last will and testament, wherein, after making specific bequests, he directed as follows: 'All the rest, residue, and remainder of my estate, both real and personal, I give, devise, and bequeath to my brother, Henry, and my sisters, Maria, Charlotte, and Susan, in equal shares, and to their respective heirs and assigns, forever.' Henry R. Mount, the brother named in this will, departed this life prior to the death of Richard E. Mount, the testator, and the important question in this cause is as to the legal effect of the death of Henry R. Mount upon the rights and interests of the parties to this action in the property belonging to Richard E. Mount, Jr., which forms the subject of this action. Henry R. Mount left him surviving no child or issue of a deceased child. It is claimed on the part of the plaintiff and certain of the defendants that the devise in question consequently lapsed. On the other hand, it is contended by certain other defendants that, owing to the wording of the residuary clause in Richard E. Mount, Jr's., will, and in accordance with the intent of the testator, as expressed in the whole will, this devise did not lapse, but went to the heirs of said Henry R. Mount. I do not assent to this contention.

"The case of *Van Beuren* v. *Dash*, 30 N. Y. 393, seems directly in point. It was there held that the devise to descendants has always been construed as meaning nothing more than issue or lineal descendants, and that there is no use of the word in the Revised Statutes that will admit of any other construction. The court (INGRAHAM, J.) says: 'It is also urged on the part of the appellants that, the devise being to the devisees and their heirs, the title should pass, notwithstanding the death of the devisee. Such a form of devise

was necessary before the Revised Statutes to express the intent to give a fee, and the same form is used now in many instances to avoid doubt as to the intent of the testator. The mere fact that other words may be used to show such an intent is no reason why any other interpretation should be given in the use of such words now from what they received formerly. The law as it existed previously did not pass any estate to the heirs of the devisee where he died before the testator, and the use of the same words should not have any effect, although they may be unnecessary to pass a fee to the devisee if he had lived.' The same doctrine is enunciated in *Thurber* v. *Chambers*, 66 N. Y. 42; *Gill* v. *Brouwer*, 37 N. Y. 549, and I am of opinion that by the death of Henry R. Mount in the life-time of the testator the share devised to him lapsed.

"It is claimed on the part of the remaining residuary devisees of Richard E. Mount, Jr., that the residuary estate to which they are entitled is increased by the amount of the lapsed devise to Henry R. Mount. It is settled by abundant authority that where property is left by will to a class, in case of the incapacity to take of any member of that class the remaining members shall have the whole estate. It is also settled that where a devise is made to two or more persons, as tenants in common, the share of any one happening to die before the testator lapses for the benefit of the testator's next of kin as a portion of the estate found under the circumstances not to have been disposed of by will; and, further, that where a devise is made to devisees by name, or where their shares or interests are defined by the will, the presumption is that the devise is to them as tenants in common, and not to them as a class. *Kerr* v. *Dougherty*, 79 N. Y. 327–349; *Hart* v. *Marks*, 4 Bradf. Sur. 161; *Downing* v. *Marshall*, :23 N. Y. 366, 373. 'Such language is always held to constitute the beneficiaries tenants in common, and to show that they take distributively, unless there is something in other provisions of the will to show that the testator intended that they should take as a class.' *Delafield* v. *Shipman*, 103 N. Y. -468, 9 N. E. Rep. 184.

"It is claimed on behalf of Charlotte A. Mount, committee of Maria B. Mount, one of the residuary legatees, that the intent of the testator, as disclosed by the will in question, was that, in case of the decease of any of the residuary legatees before the will took effect, the share or interest so devised should pass to the remaining residuary legatees. A careful examination of the authorities cited in the able and elaborate brief of the counsel for the committee has failed to convince me that this is the case. These authorities decide that in case of the death of a specific legatee before the will takes effect the legacy becomes part of the residuary estate; but the question we have to consider is as to the effect of the death of one of the residuary legatees upon the share or interests of the remaining legatees; and although, as decided in *Hoppock* v. *Tucker*, 59 N. Y. 202, 'an intent inferable from the language of a particular clause of the will may be qualified or changed by other portions of the will evincing a different intent,' so that in that case the devise of a portion of the residuary estate 'in equal proportions, share and share alike' to the children of a deceased daughter, and who were named in the will, was construed as a bequest to these children as a class; yet this must be considered an extreme case, and I do not think that the scope of the will of Richard E. Mount, Jr., will permit of an interpretation which will confine the benefit of the lapsed share of Henry R. Mount to the co-residuary legatees named in the will. Upon the whole, I am of opinion that by reason of the death of Henry R. Mount during the life-time of his brother the share in the estate devised to him lapsed, and is to be distributed under the statute to the heirs at law of the testator."

*Tillotson & Kent*, for plaintiff. *Israel Minor, Jr., Andrews & Purdy, Thomas Hunt, Frank H. Parsons, A. Hoelze*, and *Henry F. Miller*, for various defendants.

BARRETT, J.   I have gone over the briefs submitted by the learned coun-sel carefully, and I am satisfied that the learned referee was right.   His opinion is quite satisfactory, and needs but little of additional comment.   The·· main argument against the referee's conclusions fails when we look at the· two points upon which the idea of an intent contrary to these conclusions is advanced.   The use of the word "respective" was simply to emphasize the· previous words, "in equal shares," and to impart perfect clearness thereto. Thus the residuary clause is to be treated as though Mr. Mount had devised one-fourth of the residue of his estate to each of the persons named, and to· his other heirs and assigns.   Nor is a contrary intent evinced by the provision for his nephew, Richard H. Mount.   Where a person makes a will to which well-settled rules are applicable, it is impossible to glean an intent at variance with those rules from the happening of an event which probably never was· contemplated.   It is clear to my mind that as the residuary devisee of one-·fourth of the residue was not a child or descendant of the testator, and died. before the testator, such one-fourth, under the statute and the cases construing it, did not vest in the surviving children of the devisee, but lapsed.   Nor· did such one-fourth fall into the remaining residuary estate.   This is a residue of a residue, and not the lapse of a specific devise.   The authorities are· clear that a part of the residue which lapses will not accrue in augmentation of the remaining parts as a residue of a residue, but devolves as undisposed of.   *Beekman* v. *Bonsor*, 23 N. Y. 312; *Skrymsher* v. *Northcote*, 1 Swanst. 570, and see *Kerr* v. *Dougherty*, 79 N. Y. 346.   It follows that the one-quar-·ter of the lapsed residue goes to the heirs at law of the testator, not because of any particular intent on the part of the testator, but, as was said in *Van Kleeck* v. *Dutch Church*, 6 Paige, 600, upon the principle that the heir is en-·titled to every part of the estate that the testator has not shown a clear intention of giving to some other person, who, in the event that has occurred, is· capable of taking the estate thus intended for him.   The exception should; therefore be overruled, and the report confirmed.   ˎ