JOHN H. RIKER et al., Executors, etc., Respondents, v. JOHN H. CORNWELL et al., Appellants.

A general residuary clause, not circumscribed by clear expressions in other parts of a will, includes any property or interests of the testator which are not otherwise perfectly disposed of, and all that for any reason eventually fall into the general residue.

The will of B., after various gifts to charitable societies and for specified benevolent purposes, contained a provision, by the terms of which, in case of a misnomer of any of the institutions named, or of their incapacity to take, she gave the sum constituting such ineffectual gift to her executors " to be applied to the charitable uses  *  *  *  indicated in such manner as they shall be able, giving the same, however, to them, absolutely relying on their carrying out substantially" the purposes of the testatrix. By the next clause she gave " all the rest, residue and remainder " of her estate, " including all void and lapsed legacies, if any, not carried by the terms of the preceding clause" to six charitable societies named. A codicil, after various other bequests, named fourteen societies in addition to those specified in the residuary clause, which the testatrix directed should share in her residuary estate " remaining after the payment of all the legacies and carrying out all of the trusts and provisions" equally with those so specified, the testatrix declaring it to be her intention that the twenty societies should receive in equal shares the residue of her " personal and of the proceeds of her real estate."

| 113 | 115 |
| 113 | 524 |
| 113 | 115 |
| 131 | 235 |
| 113 | 115 |
| 144 | 625 |
| 113 | 115 |
| 146 | 131 |
| 113 | 115 |
| 153 | 254 |
| 113 | 115 |
| 156 | 187 |
| 113 | 115 |
| 78 | AD²228 |

Following this was a clause, by which, if any of the gifts in the codicil should from any cause fail, the testatrix gave the amount of the bequest so failing to her executors "as joint tenants, absolutely in full confidence, that they * * * will dispose of such amounts" as the testatrix would have desired herself to do. In an action for the construction of the will, *held*, that its evident purpose was to leave no part of the estate undisposed of; that in no contingency could the next of kin of the testatrix take any benefit by reason of a legacy failing to take effect; that if the executors could not take the amount of any void or lapsed legacies, the same went into the residuary estate and passed to the legatees named in the residuary provisions, which included all the property the testatrix died possessed of which was not otherwise effectually disposed of.

*Springett* v. *Jennings* (L. R., 6 Ch. App. 333); *Kerr* v. *Dougherty* (79 N. Y. 327) distinguished.

(Argued March 6, 1889; decided March 19, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 17, 1887, which affirmed a judgment entered on a decision of the court on trial at Special Term.

This action was brought by plaintiffs, as executors of the will of Sarah Burr, deceased, to obtain a judicial construction of said will.

The material portions of the will are set forth in the opinion.

*Clifford A. H. Bartlett* for appellants. The second clause of the second codicil is not a residuary clause, but is a specific bequest of residue to particular legatees; and in case it should be held that the specific legacies hereinafter attacked cannot take effect or are void, they would not fall into this clause. (*Springett* v. *Jennings*, L. R., 6 Ch. App. 333, 336, 337; *Wetmore* v. *Parker*, 52 N. Y. 464; *Mayor of Lyons* v. *Advocate-General of Bengal*, Eng. Law R., 1 App. Cas. 116; *Whyte* v. *Whyte*, Eng. Law. R., 17 Eq. Cas. 57, 59; *In re Benson*, 96 N. Y. 510; *Kerr* v. *Dougherty*, 79 id. 346, 348, 349; *Ommaney* v. *Butcher*, Turn. & Russ. 260; *Wetmore* v. *N. Y. Inst. for the Blind*, 4 N. Y. S. R. 740; *Tracy* v. *Tracy*, 15 Barb. 503; *Shulter* v. *Johnson*, 38 id. 80; *Rowan, etc.*, v. *Wachter*, 42 id. 43, 50; *Goddard* v. *Pomeroy*, 36 id. 556; *Myers* v. *Eddy*, 47 id. 263; *Reynolds* v. *Reynolds*, 16 N. Y.

257; *Kidney* v. *Coussmaker,* 1 Vesey, Sr. 446; *Mirehouse* v. *Scaife,* 4 Mylne & Cr. 706; *Cole* v. *Turner,* 4 Russell's Ch. 379; *Bench* v. *Biles,* 4 Maddock's Ch. 188; *Lupton* v. *Lupton,* 2 Johns. Ch. 623; *Beekman* v. *Bonsor,* 23 N. Y. 298, 312; *Skrymsher* v. *Northcote,* 1 Swanst. 570.) The next to the last clause of the first codicil is a residuary clause into which the legacies attacked would fall in the event of its being held that they could not take effect or are void, and this clause is void as an attempt to create a trust not authorized by law. (*Foose* v. *Whitmore,* 82 N. Y. 407, 408; Perry on Trusts, § 114; *Lawrence* v. *Cooke,* 32 Hun, 133, 137; *Levy* v. *Levy,* 33 N. Y. 97; *Bascom* v. *Albertson,* 34 id. 584; *Lefevre* v. *Lefevre,* 2 T. & C. 341; *Matter of Abbott,* 3 Redf. 303; 35 Hun, 403; *Wace* v. *Mallard,* 21 Law Jour. [Ch.] N. S. 355; *Curnick* v. *Tucker,* Eng. Law R., 17 Eq. Cas. 320; *Hart* v. *Tribe,* 18 Beav. 215; *In re O'Hara,* 95 N. Y. 403; *Russell* v. *Jackson,* 10 Hare, 204; *Jones* v. *Bodley,* L. R., 3 Eq. 635; *Springett* v. *Jennings,* Id., 10 Eq. 488; *Schultz's Appeal,* 80 Penn. 396; Sedgwick on Stat. and Const. Law, 682; *Holmes* v. *Mead,* 52 N. Y. 340; *White* v. *Howard,* 46 id. 162, 163; *Beekman* v. *Bonsor,* 23 id. 311; *Fountain* v. *Revenel,* 17 How. [U. S.] 385, 386, 388; *Pritchard* v. *Thompson,* 95 N. Y. 81.) The law of New York is to govern the validity of the bequests. (*Bascom* v. *Albertson,* 34 N. Y. 587; *Chamberlain* v. *Chamberlain,* 43 id. 434; *Despard* v. *Churchill,* 53 id. 198; *Sherwood* v. *Am. Bible Soc.,* 4 Abb. Ct. App. Dec. 232; *Hollis* v. *Drew Theological Sem.,* 95 N. Y. 174–176.)

*John E. Parsons* for the executors, respondents. The appellants have no standing upon which to appeal. If either of the contested legacies were void, the amount would not go to the appellants. It would either go to the residuary legatees or pass to the executors under the personal devise to them. (1 Jarman on Wills [5th Am. ed.] 27 n; *Sherer* v. *Bishop,* 4 Bro. C. C. 55; *In re Benson,* 96 N. Y. 499; *Phillips* v. *Davies,* 92 id. 199; *Bliven* v. *Seymour,* 88 id. 469.) The

devise to the executors is personal. If it is necessary to rely upon it to defeat the appellants, it of itself would deprive them of any interest in void or lapsed legacies. (*In re O'Hara*, 95 N. Y. 403, 411, 421.) Devises to executors absolutely, not coupled with a condition in the nature of a trust or contract which equity can enforce, are valid. (1 Jarman on Wills [5th Am. ed.] 686; *Meredith* v. *Heneage*, 1 Sim. 542; *Wood* v. *Cox*, 2 Mr. & Cr. 684; *Irvine* v. *Sullivan*, L. R., 8 Eq. 673; *Webb* v. *Wool*, 2 Sim. [N. S.] 267; *Foose* v. *Whitmore*, 82 N. Y. 405; *Colton* v. *Colton*, 127 U. S. 300, 307, 311, 312, 313; *Hess* v. *Singler*, 114 Mass. 56, 59.)

*Stephen P. Nash* for respondents, the Trustees of Griswold College et al. The appellants, as next of kin of Sarah Burr, deceased, are not entitled to take or receive any benefit or sum of money by reason of the alleged failure or incapacity of any persons, corporations, associations, institutions or societies to take or hold any bequests or devises made by her said will and the codicils thereto. (*Kerr* v. *Dougherty*, 79 N. Y. 327, 346; *Foose* v. *Whitmore*, 82 id. 465.)

*C. E. Tracy* for respondent the American Church Missionary Society. There was a clearly expressed intention to dispose of the entire estate to charities, and in case of failure of any of the dispositions, to her executors, and in that event absolutely and not upon any trust. Such provisions are valid. (*Bowker* v. *Watts*, 2 How. Pr. [N. S.] 150.) The gifts to the American Church Missionary Society do not create a perpetuity such as the law forbids. (*Wetmore* v. *Parker*, 52 N. Y. 457, 458, 460.)

*Edward W. Sheldon* for the New York Society for the Relief of the Ruptured and Crippled, respondent. If the residuary clause is not sufficient to include any lapsed or void legacies, the gifts to the executors would be operative. These gifts being absolute are valid. (*Willets* v. *Willets*, 20 Abb. N. C. 471.) The language of the residuary clause in the will is, however,

sufficiently broad to include all lapsed or void legacies. (*In re Benson*, 96 N. Y. 510; *Kerr* v. *Dougherty*, 79 id. 327.)

*M. M. Budlong* for the New York Bible Society, respondent. The wishes and intentions of the testatrix are the supreme arbiters in the matter, unless they are in opposition to some rule or principle of law or prohibited by statutory enactment. (2 Black. Com. 379; 4 Kent's Com. 534, 535.) The effect of a codicil ratifying, confirming and republishing a will is to give the same force to the will as if it had been written, executed and published at the date of the codicil. (Redfield on Law of Wills, chap. 6, § 23 a, subd. 5; *Brimmer* v. *Johier*, 1 Cush. 118.) The courts are decidedly against adopting any construction of wills which would result in partial intestacy unless absolutely forced upon them. (Redfield on Wills, 442, chap. 13, § 6; *King* v. *Woodhull*, 3 Edw. Ch. 87; *James* v. *James*, 4 Paige, 116; *King* v. *Strong*, 9 id. 97; *Banks* v. *Phelan*, 4 Barb. 90.) Very special words are required to take a bequest of the residue out of the general rule. The only exception to the general rule (viz., that void and lapsed legacies fall into the residuum) is when the words used in the will expressly show an intention on the part of the testator to exclude such portions of his estate as are mentioned in any of the previous clauses of the will from falling into the general residue. (*Bland* v. *Lamb*, 2 Jac. & Walk. 406; *Banks* v. *Phelan*, 4 Barb. 80.) The general rule that all void and lapsed legacies in a will of personal property fall into the residuum, and go to the residuary legatees, does not apply where the bequest is of a residue of a residue — still, it is a question of intention, and if any intimation can be drawn from the will and codicils as to the testatrix's wishes in the matter, that must control. (2 Jarman on Wills, 368; 2 Redfield on Wills, 120; *Evans* v. *Field*, 8 L. J. [N. S.] 264.)

*Sewell, Pierce & Sheldon* for the American Home Missionary Society et al., respondents. The void or lapsed legacies pass under the residuary clause rather than to the next of kin, because such a construction will prevent intestacy as to any

part of the estate.   (2 Redf. on Wills, 116, 122; *Durour* v. *Motteux,* 1 Ves. 320; 2 Jarman on Wills [5th Am. ed.] 231–235; *Green* v. *Jackson,* 5 Russ. 35; 2 R. & My. 238; *King* v. *Strong,* 9 Paige, 93; *Reynolds* v. *Kortright,* 18 Beav. 417, 427; *James* v. *James,* 4 Paige, 115; *King* v. *Woodhull,* 3 Edw. Ch. 79; *Floyd* v. *Carow,* 88 N. Y. 560; *In re L'Hommedieu,* 32 Hun, 10.)   So far as any intention on the part of the testatrix is concerned, the particular legatees, who are in no way related to her, might, with as equal propriety as her next of kin, claim a share in these void legacies.   (1 Redf. on Wills, 433, 442; *Hoxie* v. *Hoxie,* 7 Paige, 192; *King* v. *Woodhull,* 3 Edw. Ch. 79; *Hoppock* v. *Tucker,* 59 N. Y. 208, 209; Wms. on Exrs. 971; 3 Pet. 346; *Given* v. *Hilton,* 95 U. S. 59.)   The construction of a will must depend upon the intention of the testator, to be ascertained from a full view of everything contained in the four corners of the instrument.   (1 Redf. on Wills, 433; *Hoxie* v. *Hoxie,* 7 Paige, 192.)   In case one or more of these twenty residuary legatees is declared incapable of taking under the will, the share of that or those legatees will pass under the residuary clause to those remaining. (*Attorney-General* v. *Johnstone,* Amb. 577; 2 Ross on Leg. 1461; *Booth* v. *Booth,* 4 Ves. 407; *Kingsland* v. *Rapelye,* 3 Edw. 1; *Ferry's Appeal,* 102 Penn. St. 161; 2 Jarman on Wills, 368; *Given* v. *Hilton,* 95 U. S. 591; *Stehman* v. *Stehman,* 1 Watts [Pa.] 466; *Coleman* v. *Jarrow,* 35 L. T. [N. S.] 614; *Crecelius* v. *Horst,* 78 Mo. 566; 9 Mo. App. 51; *Jackson* v. *Roberts,* 14 Gray, 546; *Metcalf* v. *Framingham Parish,* 128 Mass. 374; 2 Story's Eq. Jur. [12th ed.] § 1074, notes *b, e; Page* v. *Gilbert,* 32 Hun, 301; *Ferrer* v. *Pyne,* 81 N. Y. 281, 284, 285; *Hoppock* v. *Tucker,* 59 id. 202; 4 Kent's Com. 534; *Floyd* v. *Carow,* 88 N. Y. 360.)   A direction by a testator to sell for a definite purpose works a conversion.   (Pom. Eq. Jur. §§ 1159–1165; *Matter of Woods,* 35 Hun, 60; *Teed* v. *Morton,* 60 N. Y. 506; *Fisher* v. *Banta,* 66 id. 468; *Dodge* v. *Pond,* 23 id. 69; *Given* v. *Hilton,* 95 U. S. 591.)   The appellants cannot set up a part of the will for one purpose and deny its force for

another, and that, too, its main purpose. (2 Jarman on Wills, 211, 221, 224; *Wright* v. *Trustees M. E. Ch.*, Hoffman, 202; 3 Redf. on Wills, 140, 142; Pom. Eq. Jur. §§ 1169–1174; *Sharpstein* v. *Tillou*, 3 Cow. 651; *Jackson* v. *Jansen*, 6 Johns. 73; *Hawley* v. *James*, 5 Paige, 318; *Bogert* v. *Hertell*, 4 Hill, 492; *Gourley* v. *Campbell*, 66 N. Y. 169; *Bective* v. *Hodgson*, 10 H. of L. Cas. 656.)

*H. B. Clossen* for Syrian, etc., College, respondent. If the legacy to the respondent were void, and it should lapse, it would go not to the next of kin, but to the twenty legatees of the residuary estate, specifically defined in the will as "including void and lapsed legacies." (*Hoppock* v. *Tucker*, 59 N. Y. 202; *Page* v. *Gilbert*, 32 Hun, 301; *Betts* v. *Betts*, 4 Abb. N. C. 317, 421.)

GRAY, J. The appellants ask us to reverse the judgments below, for errors in the construction by the court of the will of Sarah Burr, deceased. Their principal contention is that certain dispositions of her property, made by way of legacies for charitable and religious purposes, were invalid or ineffectual, and that such gifts neither were carried by the provisions of the will, which were made for the residuary legatees, nor vested in the persons named as executors, under certain other clauses. If they are right in their views, the result would be that, as to so much of her estate, testatrix had died intestate and the next of kin would benefit correspondingly. The testatrix died in 1882, unmarried; leaving her surviving neither child, parent, brother nor sister. Her will was made in 1866, and two codicils were subsequently executed in the years 1869 and 1881, respectively. Beyond a few legacies to relatives and friends, she disposed of her large possessions by gifts to charitable societies, or for definite benevolent purposes in this and other states and countries. By the seventh clause of the will in case of a misnomer of any of the institutions, or their incapacity to take and hold the legacies, she gives the sum constituting any ineffectual gift to her executors " to be applied

to the charitable uses or purposes as above indicated, in such manner as they shall be able; giving the same, however, to them absolutely, relying on their carrying out substantially my purposes." By the next following, or eighth clause, she gives "all the rest, residue and remainder" of her estate, "*including all void and lapsed legacies, if any, not carried by the terms of the preceding clause*," in equal parts, to six charitable societies named. The first codicil makes further bequests to various individuals and soci. ties and repeats the provision contained in the seventh clause of the will, designed for the case of a legacy being ineffectually given or becoming void. The second codicil recites the fact of there being a large increase in the residuary estate of the testatrix since the making of the will and previous codicil, and "in order to carry out more widely the charitable and religious purposes intended," she makes further large bequests to a number of charitable societies. Of this last codicil the second and third clauses are important to our consideration of the questions arising, and I give them in full.

"*Second.* And I do hereby will and direct that the following named institutions, to wit: The Sheltering Arms, etc. (naming fourteen additional societies), shall share my residuary estate remaining after the payment of all the legacies and carrying out all the trusts and provisions made by me in my said will and first and second codicils (excepting the residuary bequests given in the eighth clause of my said will) in equal shares with the institutions named in the said eighth clause of my said will; and I give and bequeath the same accordingly, it being my intention that the corporations, institutions and societies, hereinabove named in this second clause, together with the six corporations, institutions and societies named in the said eighth clause of my said will, shall receive in equal shares *the residue of my personal estate and of the proceeds of my real estate.*

"*Third.* If any of the legacies or bequests given by me in this codicil should, from any cause whatever, fail to take effect, I give and bequeath the amounts of such legacies or bequests

so failing to take effect unto my executors, who shall qualify, as joint tenants, absolutely, in full confidence that they or the survivor or survivors of them will dispose of such amounts as I would have desired myself to do.

"*Fourth.* I hereby republish my said will and first codicil as altered hereby."

The second clause of this last codicil, read in connection with the eighth clause of the will, constitutes as the sole residuary legatees of testatrix twenty societies; while, in each testamentary instrument, she endeavors to prevent a failure of disposition in a gift of a legacy, by substituting her executors as its recipients, in the place of the legatee for which the ineffectual gift was originally intended. A very plain intention is manifest, from a consideration of these testamentary provisions, that, beyond the particular gifts to the individuals and societies named, all that remained of her estate the testatrix devoted to charitable and benevolent purposes, through the instrumentality of certain selected institutions as her residuary legatees, or of her executors, where a bequest proves ineffectual. The purpose is evident to leave no part of her estate undisposed of, in any contingency. Her solicitude is unmistakable that, beyond what has been given to them, her relatives shall not share in her estate by reason of any portion of it being invalidly disposed of. With her motives, or with her reasons, we are in no wise concerned. If, in her testamentary dispositions, she has kept within the rules which should govern in the making of wills, those dispositions cannot be successfully assailed by the next of kin. The main or controlling question, therefore, which presents itself at once in this case is, whether, under the testamentary scheme revealed by these several instruments, in any contingency, the appellants, as the next of kin of the testatrix, can take any benefit by reason of a legacy failing to take effect. If they cannot, it becomes quite unimportant to discuss the many questions, which they raise with respect to the capacity of legatees to take, or to the validity of certain bequests.

At the outset, we may as well dispose of the only objection

which is made as to any of the societies named as the residuary legatees. It is objected that " The New York Society for the Relief of the Ruptured and Crippled " lacks corporate capacity to take, in that its certificate of incorporation was not acknowledged and that it was not properly indorsed by the justice of the Supreme Court. Neither ground of objection is tenable.

The proof of the certificate by a subscribing witness was a sufficient compliance with the provisions of the statute; and the indorsement of the certificate, as " approved " by the justice, was a sufficient warrant for its filing by the clerk. But even if defects existed in the proceedings for incorporation, the passage of subsequent acts by the legislature was a recognition of its incorporation and cured such defects.

Coming, then, to the consideration of the effect of the residuary clause upon the estate of the testatrix, we are unable to perceive any ambiguity in the language which the testatrix uses; or to detect any purpose to narrow that all comprehensive import which attaches to a general residuary clause in wills. A general residuary clause includes in its gift any property or interest in the will which, for any reason, eventually falls into the general residue. It will include legacies which were originally void, either because the disposition was illegal, or because, for any other reason, it was impossible that it should take effect; and it includes such legacies as may lapse by events subsequent to the making of the will. It operates to transfer to the residuary legatee such portion of his property as the testator has not perfectly disposed of. No one supposes that he has failed in his intention to dispose of all of his property by his will, and courts should endeavor to make out such an intention and to uphold the testamentary plan, so that the testator may not, as to some of his estate, have died intestate. We think, in the present case, that the testatrix has expressed herself with absolute clearness in making a general residuary disposition of her property, and that it carries with it everything which she died possessed of and which was not otherwise effectually disposed of. There is the language of the eighth clause of the original will, by which *void and lapsed legacies*

are included in the gift of the residuary estate, and that of the second clause of the second codicil, by which the residuary legatees are to share the residuary estate " remaining after the payment of all the legacies and carrying out all the trusts and provisions made in the will and first and second codicils * * * in equal shares." Such language would seem to be comprehensive enough, and should preclude our entertaining the idea that the testatrix meant to circumscribe or to limit the residuary fund given to the societies and to confine it to so much of her estate as would be ascertained after deducting what she had previously mentioned in bequests.

A different purpose is emphasized by the concluding words of the second clause of the last codicil, which state that it is her " intention that the corporations, institutions and societies hereinabove named in this second clause, together with the six corporations, institutions and societies named in said eighth clause of her said will, shall receive in equal shares *the residue of her "personal estate and of the residue of her real estate."* The appellants argue that the words " after payment of all the legacies and carrying out all the trusts and provisions made," etc., found in the second clause of the second codicil, are words of exclusion and are indicative of an intention to give only a specific residue. We see no force in the suggestion. In ascertaining the intention of the will-maker, we should not seek it in particular words and phrases, nor confine it by technical objections. We should find that intention by construing the provisions of the will with the aid of the context and by considering what to be the entire scheme of the will. The intention, to which effect is to be given, should be one harmonizing with that scheme, where no rule of law is contravened thereby. When the testatrix explicitly declares it as her intention that her residuary legatees shall receive " the residue of her personal estate and of the proceeds of her real estate," I find no room for speculation as to intention, nor support for the proposition that the residuary legatees take a gift of a specific residue. I find a gift to them, which comprehends all of her estate, not otherwise legally disposed

of. In the English Chancery Case of *Springett* v. *Jennings* (Eng. Law R., 6 Ch. App. 333) cited by the appellants' counsel upon his brief, James, L. J., points out a distinction between an all-comprehending gift of a residue and one which carries a particular residue.

By way of illustration he suggests: "I give all my £3 per cent to A, and all the rest of my government stocks to B, and the gift of the £3 per cents to A fails by lapse, will they go to B? It appears to me the answer must be in the negative, for it is quite clear that the rest of the government stock was not a residuary bequest which could take in the particular thing which was given by a separate description to somebody else. * * * The failure of the first gift would not be for the benefit of the person to whom the other stocks are given." And Mellish, L. J., says, in the same case: "Now, in order that a residuary gift may * * * include lapsed and void devises, without the will expressing any intention to that effect, I am of opinion that the devise must be a real residuary devise; that is to say, so worded as to apply to all land that is not otherwise disposed of. When a testator has made a gift of that kind, then the act says, in substance, it will be presumed from the universality of the gift that unless he expresses the contrary, he intends it to pass what was specifically devised, if from any cause the specific devise fails.' The words upon which the appellants lay so much stress, as being words of exclusion and limitation, are used by the testatrix rather as words of description of a general residue. They might have been omitted without any prejudice to the intention. But their retention works no confusion of thought. That which is "remaining after carrying out all the trusts and provisions made by me in my will and codicils" is the fund, which is only completely ascertained, when the previous dispositions have been effectuated. The very sense of the words implies the negation of the idea of a specific or fixed residue, outside of the sum of the previous gifts in the will. If the "carrying out" of the provisions of the will and codicils is defeated to any extent, to that extent the residuary fund

is increased by the accretion of the void or lapsed gift. I think the doctrine is firmly established, by the reported cases and by the text books, that where the residuary bequest is not circumscribed by clear expressions in the instrument and the title of the residuary legatee is not narrowed by special words of unmistakable import, he will take whatever may fall into the residue, whether by lapse, invalid dispositions or other accident. (Roper on Leg. [1st Am. ed.] 453 ; 2 Wms. on Exrs. [7th ed.] 1567 ; 2 Redf. on Wills [2d ed.] 115 ; *Bland* v. *Lamb*, 2 Jac. & W. 406 ; *Reynolds* v. *Kortright*, 18 Beav. 427 ; *James* v. *James*, 4 Paige, 115 ; *Van Kleeck* v. *R. D. Church*, 6 id. 600 ; *King* v. *Strong*, 9 id. 94.) In a late decision of this court in the *Matter of Benson's Accounting* (96 N. Y. 499), EARL, J., discusses the question of when lapsed legacies fall into the residue, and reviews the authorities ; and the views expressed in his opinion sustain the doctrine which I have suggested here. In *Kerr* v. *Dougherty* (79 N. Y. 327), which the appellants have cited, there is no opposition to that doctrine, nor is it an authority which at all militates against our conclusions here. In that case the language of the will and the facts were such as to limit and circumscribe the residuary clause and to prevent it from being added to by invalid legacies. But MILLER, J., in his opinion, uses this language, in discussing the rule as to residuary bequests, which is laid down in *King* v. *Woodhull* (3 Edw. Ch. 79, 82) : " It is also said, in substance, that to exclude what would fall by lapse or invalid disposition, as it may be supposed that the testator did not intend to die intestate as to any portion of his property, the law requires that he should use words limiting the gift of the residue and showing an intention to exclude such portions of his estate as may fail to pass." In *Floyd* v. *Carow* (88 N. Y. 560, 568), ANDREWS, J., says of a residuary devise : " The intention to include is presumed, and an intention to exclude must appear from other parts of the will."

In view of the result at which we have arrived, namely, that, under this residuary clause, the legatees would share in a residuary fund, capable of being increased by the falling in of

what was ill given previously by the testatrix, we think it wholly unnecessary to consider the effect or validity of the gifts to the executors. In any event, the question would be one between them and the charitable societies, named as residuary legatees, and one with which these appellants are not concerned.

The judgment appealed from should be affirmed, with costs to the respondents who have appeared here, to be paid out of the estate.

All concur.

Judgment affirmed.