JOHN S. HULIN, Respondent, v. NORMAN B. SQUIRES and Another, as Executors of FRANKLIN W. FARNAM, Deceased, and Another, Appellants.

*Will — a lapsed legacy — a general residuary clause — effect of words " after payment of all legacies" — prior bequests made payable out of the "residue" of the estate — limitation of the rule as to lapsed legacies.*

A testator, by his will, first gave certain specific legacies. He then, by the fifth, sixth, seventh and eighth clauses thereof, gave further legacies, each " out of and from the residue of my estate." The tenth clause of the will was as follows: " All the rest and residue of my estate remaining after the payment of all the legacies, devises and bequests, hereinbefore specified or contained, I give, devise and bequeath to Farnam Philip Caird, and in case he shall not be living at the time of my decease, then, and in such case, I give, devise and bequeath the same to his mother." Caird was living when the testator died. A legacy given by the fifth clause lapsed.

In an action brought to obtain a construction of the will in order to have it determined whether this lapsed legacy passed to Caird or to the next of kin of the testator:

*Held*, that the words of the tenth clause were those of a general residuary clause, and carried the legacy to Caird.

That this construction was not affected by the words "after payment of all the legacies," etc., said words being descriptive of the residuary estate, and not to be deemed as words of limitation or exclusion.

---

* Decisions handed down March 15, 1892.

That the tenth clause of the will was not affected, as a general residuary clause, by the fact that in the fifth, sixth, seventh and eight clauses the testator had bequeathed legacies payable out of the "residue" of his estate.

That the said clauses were specific legacies of a certain sum, payable in their order in case the testator left sufficient property, and that none of them disposed of a residue.

That the word "residue" in these clauses was equivalent to the word "balance."

Limitations of the rule that a lapsed legacy passes by a general residuary clause, stated.

APPEAL by the defendant Farnam Philip Caird from an interlocutory judgment of the Supreme Court, entered in the clerk's office of Rensselaer county on the 17th day of September, 1891, construing the will of Franklin W. Farnam, deceased, adjudging its fifth clause to be void and directing the distribution of the personal estate comprised therein, and a sale of the real estate, with notice of an intention to bring up for review upon such appeal the right of the appellant to take, as residuary legatee under said will, and such other matters pertaining to his rights as appear in the records and in the case.

Also an appeal by Norman B. Squires and James Caird, executors of said Farnam, from so much of said judgment as adjudges that Franklin W. Farnam, deceased, died intestate as to all or any portion of the real or personal estate mentioned and described in the complaint or in said judgment, or attempted to be devised or bequeathed in and by clause V, or any other part of his last will and testament; and also from so much thereof as declares said clause V invalid and ineffectual as a testamentary disposition of real or personal estate; and also from so much thereof as declares that the real or personal estate, or any part thereof mentioned in said clause V, or any part of said will, or which said Farnam owned in his lifetime, descends or should be distributed, under the statute of distributions, to the heirs-at-law or next of kin of said decedent; and also from so much thereof as adjudges the parties, or any of the parties, named in said judgment as heirs and next of kin, to have or be entitled to any right, share or interest in or to any portion of the property mentioned or described in said clause V, or of the estate of Franklin W. Farnam, deceased; and also from so much thereof as adjudges that the premises and real estate therein described, and the rights of all parties to this action, and particu-

larly the rights of Farnam Philip Caird, residuary devisee, be sold at public auction, or in any manner, and that the referee therein named, or any referee, do any act whatsoever relative to said premises or the sale or title thereof; and from so much thereof as in any manner adjudges said premises or the property, or any portion of the property, mentioned or described in clause V of said will to have descended or be distributable to any person save Farnam Philip Caird, named in said will as residuary legatee and devisee.

The fifth, sixth, seventh and eighth clauses of the will of Franklin W. Farnum were as follows:

"*Fifth.* I give and bequeath out of and from the residue of my estate to the trustees of the Free Church of the Ascension, in the city of Troy (of which church the Rev. James Caird is now rector), the sum of twenty thousand dollars in trust. * * *

"Also, I give, devise and bequeath to the said trustees of the Free Church of the Ascension, in the city of Troy, the real estate and premises, consisting of a parcel of land, with the building thereon erected, known as the "Farnam Institute," situate on the northerly side of Congress street, in said city of Troy, and nearly opposite to the church edifice known as the Free Church of the Ascension, together with all the hereditaments and appurtenances thereunto belonging, or in any wise appertaining, to have and to hold the premises above described, to the said trustees of the Free Church of the Ascension, and their successors, forever in trust. * * *

"*Sixth.* I give and bequeath out of and from the residue of my said estate, after the payment of the legacies, devises and bequests hereinbefore specified, to my niece, Carrie L. B. Caird, the sum of twenty thousand dollars, and to her husband, James Caird, the sum of ten thousand dollars. In case the said Carrie L. B. Caird shall have died before my decease, leaving issue, child or children, the said legacy to her shall not lapse, but the same shall be paid to such issue, child or children, share and share alike; and if she shall have died, leaving no issue, the same shall be paid to her husband.

"*Seventh.* Out of and from the residue of my said estate, after the payment of the legacies, devises and bequests hereinbefore specified, I give and bequeath to James Morton Caird, son of my niece, Carrie L. B. Caird, the sum of five thousand dollars.

" *Eighth*. I give and bequeath to my nephew, William Farnam, all promissory notes and obligations made or given by him to me, and all debts which he may be owing to me at the time of my decease. Also, out of and from the residue of my estate, provided it shall be sufficient for that purpose after the payment of all the legacies, devises and bequests contained in the preceding clauses of this will, I give and bequeath to the said William Farnam the sum of five thousand dollars."

The tenth clause of the will is set forth in the following opinion:

*Edwin A. King*, for the executors, appellants.

*R. A. Parmenter*, for Farnam Philip Caird, appellant.

*E. Countryman*, for the respondent.

PUTNAM, J. :

The controversy in this case arises out of the construction of the will of Franklin W. Farnam, deceased. By the fifth clause the testator gives to a religious corporation in the city of Troy $20,000 and certain real estate, and the will having been executed within two months prior to his decease it is conceded that this clause is void under chapter 319 of the Laws of 1888. The matter to be determined is the interpretation to be given to the tenth clause of the will, which is as follows :

" *Tenth*. All the rest and residue of my estate remaining after the payment of all the legacies, devises and bequests hereinbefore specified or contained, I give, devise and bequeath to Farnam Philip Caird, and in case he shall not be living at the time of my decease, then, and in such case, I give, devise and bequeath the same to his mother, Carrie L. B. Caird."

The question submitted is, does the property attempted to be bequeathed and devised in the fifth clause of the will pass to the residuary legatee and devisee under said tenth clause or, as held by the trial court, go to the heirs and next of kin ?

The counsel for respondent insists, and I understand the trial court to have, in substance, held that the tenth clause was not a general residuary, but a specific residuary clause (so to call it).

The principles applicable to general residuary bequests are well settled. In *Riker et al.* v. *Cornwell et al.* (113 N. Y., 124)

the court lays down this doctrine: "A general residuary clause includes in its gift any property or interest in the will which, for any reason, eventually falls into the general residue. It will include legacies which were originally void, either because the disposition was illegal or because for any other reason, it was impossible that it should take effect; and it includes such legacies as may lapse by events subsequent to the making of the will. It operates to transfer to the residuary legatee such portion of his property as the testator has not perfectly disposed of."

In the *Matter of Bonnet* (113 N. Y., 524) it is said: "We hold that, unless a contrary intent unequivocally appears elsewhere in the will, a lapsed or void legacy will be carried by a general gift of the residuum of the testator's estate."

In the *Matter of Benson and Others* (96 N. Y., 510) the court quotes with approval the remark in *Banks* v. *Phelan* (4 Barb., 80), that the only exception to the general rule is "when the *words used in the will expressly show an intention on the part of the testator to exclude such portions of his estate as are mentioned in any of the previous clauses of the will from falling into the general residue.*" (See, also, *Floyd* v. *Carow*, 88 N. Y., 568; *Rogers* v. *Case*, 18 W. Dig., 470; *King* v. *Strong*, 9 Paige, 94; 2 Redf. Law of Wills, 115, note.)

In the tenth clause the testator gives and bequeaths all the rest and residue of his estate remaining after the payment of all the legacies, devises and bequests hereinbefore specified or contained to Farnam Philip Caird. The language is that of a general residuary clause. The sentence therein "after the payment of all the legacies, devises and bequests hereinbefore specified or contained," does not prevent it from so being considered.

In *Riker* v. *Cornwell* (*supra*) it was insisted that the words in the second clause of the second codicil, "*after payment of all the legacies and carrying out all of the trusts and provisions made,*" were words of exclusion and which indicated an intention to give only a specific legacy. The court held there was no force in the suggestion.

In *Banks* v. *Phelan* (4 Barb., 91) the court remarked: "It was contended upon the argument that the words, 'if any there shall be after paying the preceding legacies, devises and bequests,' contained

in the parenthesis of the residuary clause, bring this case within the exception to general rule. A reference to the adjudged cases will show that similar words used in the residuary clause have not been considered sufficient to limit a residuary disposition to any particular or partial residue."

In *King* v. *Woodhull* (3 Edw. Chan., 84) the vice-chancellor remarked: "'After payment of debts and legacies,' or, after payment of legacies specified or recapitulated in the residuary clause itself, are not restrictive of the bequest to any particular or partial residue; but the bequest after all is general of the remainder, and may be so understood without doing violence to the expressions of the will. Where the residuary clause is thus worded, the legatee is as much a general legatee of the residuum of the estate, as if such words were not used. In some of the cases, where the court has decreed the residuary legatees entitled to the benefit resulting to the estate from lapsed or void bequests, the language of the will has been stronger in favor of a construction which would exclude them than in the present case. I will instance only two — *Shanley* v. *Baker* (4 Ves., 732) and *Roberts* v. *Cooke* (16 id., 451)."

The case of *King* v. *Woodhull*, affirmed in 9 Paige, 94, is cited with approval in *Riker* v. *Cornwell* (113 N. Y., 127), and in many other cases, and may be deemed a reliable authority.

The learned judge at Special Term, in his opinion, says: "When we reach the tenth clause the testator does not give 'all the rest and residue of my estate' to Farnam Philip Caird, but he qualifies and circumscribes the residue by clear expression of unmistakable import, namely, 'remaining after the payment of all the legacies, devises and bequests hereinbefore specified or contained.' Clearly whatever residue it is, is the residue remaining after the payment of all the legacies, not of those effectually given, but specified or contained in the will, whether valid or not, otherwise why add the words of definition, description or limitation? If these words are to be stricken out the purpose of the testator in adding them is to be thwarted."

I cannot answer this position of the court below better than by quoting an extract from the opinion of Judge GRAY in the Riker case: "The words upon which the appellants lay so much stress as being words of exclusion and limitation are used by the testatrix

rather as words of description of a general residue. They might have been omitted without any prejudice to the intention. But their retention works no confusion of thought. That which is 'remaining after carrying out all the trusts and provisions made by me in my will and codicils' is the fund, which is only completely ascertained when the previous dispositions have been effectuated. The very sense of the words implies the negation of the idea of a specific or fixed residue outside of the sum of the previous gifts in the will. If the 'carrying out' of the provisions of the will and codicils is defeated to any extent, to that extent the residuary fund is increased by the accretion of the void or lapsed gift." (See page 126.)

I think, then, that the above quotations show that the said tenth subdivision of the will, being in form a general residuary clause, is not prevented from being deemed such by the words "after the payment of all the legacies, devises and bequests hereinbefore specified or contained."

Is it affected as a general residuary bequest, because in the fifth, sixth, seventh and eighth clauses of his will the testator has bequeathed certain legacies to be paid out of the "*residue*" of his estate?

In *King* v. *Woodhull* (*supra*, see page 80), the testatrix willed the residue of the proceeds of her estate, if it did not exceed $1,000, to a Missionary Society, and the residue and remainder of her estate, after the payment of said $1,000 to said Missionary Society, if any there shall be, she bequeathed to the children of her niece. The legacy to the Missionary Society lapsed and it was held that a residuary legatee took the money. That case, then, is an instance of a general residuary bequest after a specific bequest out of the residue, held valid.

It is, undoubtedly, the rule that a bequest of a residue of a residue will not ordinarily carry a lapsed legacy. (*Kerr* v. *Dougherty*, 79 N. Y., 346; *Beekman* v. *Bonsor*, 23 id., 298–312; *Riker* v. *Cornwell*, 113 id., 125, 126; *King* v. *Woodhull*, 3 Ed. Ch., 82.)

In the case last cited it was held that "to entitle a residuary legatee to the benefit of a lapsed or void bequest, however, he must be a legatee of the residue generally, and not partially so; for, where it is manifest, from the express words of the will, that a gift of the residue is confined to the residue of a particular fund or description of property,

or to some certain residuum, he would be restricted to what is thus particularly given, since a legatee cannot take more than is fairly within the scope of the gift.

In *Kerr* v. *Dougherty* (*supra*) there was, in fact, no general residuary clause. The case is considered and explained fully in the *Matter of the Accounting of Bensen* (96 N. Y., 499) and in the Riker case (*supra*, at page 127). And in the latter case, at pages 125, 126, is illustrated the difference between a general bequest and a bequest of a particular residue. The distinction between a devise of a particular residue, as so illustrated in that case, and that of a general bequest by the testator of all the residue of his estate as in this case, must be apparent. The legacies contained in the fifth, sixth, seventh and eighth clauses of the will in question are specific legacies of a certain sum, payable in the order named, in case testator left sufficient property. There is no residue disposed of in these clauses. These are not specific residuary legacies. The testator wills a certain sum of money to each legatee in the order named, payable from the balance of his estate. The effect in meaning of the will would have been the same had he used the word " balance " instead of " residue."

The effect of the will in question is by the first four clauses to bequeath certain legacies to the parties named. Then out of the balance of his estate to pay the specific legacies as specified in the fifth, sixth, seventh and eighth clauses in the order named, and the residue of *all* his estate he bequeathed to Farnam Philip Caird. The gift in the tenth clause is not of any particular part of the estate of the testator, or any partial fund. It is a gift, by its terms, of the whole residue of the estate. In the language of *King* v. *Woodhull* (*supra*) Caird is " a legatee of the residue generally."

Plaintiff claims that by the will in question, after the first four clauses, there are successive residuary legacies, beginning with the words " I give and bequeath out of and from the residue of my estate, after the payment of the legacies," etc., thereinbefore specified, and ending with the tenth clause, in which the same language is used, and he infers that the will evinces a plain intent of the testator that the residuary legatees in each case, including said tenth clause, shall only take the residuum after paying prior legacies, and hence that the tenth clause is a *specific residuary clause*, and not a general one.

The answer to this proposition is (what has been before stated) that neither the fifth, sixth, seventh or eighth clauses of the will contain residuary bequests. Each of said clauses wills or bequeaths specific legacies of money or property. The word "residue" is used, but the testator might as well have used "balance." He wills in each case a sum of money if after paying the former legacies his estate is sufficient. Neither the fifth, sixth, seventh or eighth clauses wills a residue. A "residue" is a "remainder," "what is left," "the rest." These clauses will a specific sum of money in each case payable from the balance of the estate of the testator, and not a residue. Then comes the tenth clause in question, in which the testator wills not any specific sum of money or property, but *all his estate* to the residuary legatee. He does not so bequeath the residue after paying the legacy specified in the fifth, sixth, seventh and eighth clauses, but the residue after paying *all the legacies, including the first four*. Suppose the first three legacies in the will had lapsed, can there be any reasonable doubt but what the language of the tenth clause is sufficient, under the authorities above quoted, to carry such lapsed legacies to Farnam Philip Caird? If the bequest contained in the tenth clause was in any way limited in its language so as to evince any intent on the part of the testator not to dispose of *all* of his estate, we might come to a different conclusion, but the language is general, except the words "after the payment of all legacies," etc. And these words, as we have seen, are words of description, and not words of limitation or exclusion.

There are cases where a gift of the rest and residue does not carry a lapsed legacy, as, for instance, where a testator having disposed of all his estate, but certain specific property described in his will, bequeaths such residue to two persons in certain proportions. If the legacy to one lapses the other will not take, although to him was bequeathed the rest and residue of such residuum. Such was the instance referred to in *Riker* v. *Cornwell* (*supra,* page 126). Such a legacy is, in fact, specific, and not residuary, and the intent of the testator appears clearly not to give all the residuum to the survivor, but only a specific part of the same.

Another case is where the whole residue of the estate is given to several persons, one of whom dies before the testator. In that case

the others do not, under the will, take the share of the one so dying. Such are the cases of *Matter of the Accounting of Bensen* (96 N. Y., 502, 503); *Mount v. Mount* (3 N. Y. Supp., 190); *Beekman* v. *Bonsor* (23 N. Y., 299). In such a case the testator, by the very terms of the will, only gives to the survivor a certain share of the residue, and he cannot take more than the will gives him. The object in all these cases is to ascertain the intent of the testator as indicated by the language of the will. And in such a case the language of the testator is plain. In the case we are considering the devise is general of " *all the rest and residue*; " and bearing in mind the doctrine laid down by the highest appellate court in this State in many cases, that unless a contrary intent unequivocally appears elsewhere in the will, a lapsed or void legacy will be carried by such a general gift of the residue, I think the bequest contained in the tenth clause carries to Farnam Philip Caird all the estate of the deceased not validly disposed of by the will, including that part of his estate attempted to be given and bequeathed in the fifth clause.

It follows there should be a reversal of the judgment. The will should be construed in accordance with this opinion, and the complaint should be dismissed.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed and final decree to be settled by PUTNAM, J.