(57 App. Div. 320.)

GALLAVAN v. GALLAVAN et al.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

WILLS—VOID DEVISES—RESIDUARY CLAUSE—RIGHTS OF HEIRS AT LAW.

Under 2 Rev. St. p. 1876, § 5. providing that every will of all testator's realty shall be construed to pass all the realty that he was entitled to devise at his death, where a testator makes certain devises of realty, which are void for indefiniteness, and devises "all the rest, residue, and remainder" of his real and personal property to others, the realty covered by the void devises passes to the residuary devisees, and not to testator's heirs at law.

Appeal from special term, Chemung county.

Action for partition by Matthew Gallavan against James Gallavan and another, impleaded. From an interlocutory judgment (64 N. Y. Supp. 329) sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Appeal from an interlocutory judgment sustaining a demurrer to the complaint. The action is in partition. The complaint alleges a title in the parties as heirs at law, through failure of a testator's will to devise the lands sought to be partitioned. The question brought up by the demurrer is this: Where the devise of realty for any reason fails, and there is a general residuary clause in the will, does the realty attempted to be devised fall to the residuary devisee, or does it go to the heirs at law? The testator in this case was the owner of a plot of land about an acre in extent. The complaint alleges that the testator at the time of his decease had no other real

estate; that the testator intended to devise three lots, each 50 feet front, one to each of three of his children (naming them); that, if such specific devises had been effectual, there would have remained about one-third of the plot, which would have gone to the residuary devisees under the general residuary clause of the will; that the specific devise of the three lots of 50 feet front each was ineffectual and failed for the reason that the description was too indefinite and uncertain, and neither of the three lots could be located; that, because of the failure of the specific devises, the part of the plot not covered by these was also impossible to locate, and therefore the whole plot, undivided, descended to the heirs at law. The language of the residuary clause is as follows: "Seventh and lastly, I give, bequeath, and devise to my son James Gallavan and to my daughter Kate Gallavan all the rest, residue, and remainder of my property, both real and personal, in fee, forever, in equal shares, share and share alike." The demurrer admits all the facts alleged in the complaint, and, if the land mentioned descended to the heirs at law, the complaint declares a good cause of action. If the land, however, under the terms of the will, goes to the residuary devisees, the complaint does not state a cause of action, and the demurrer was properly sustained.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Reynolds, Stanchfield & Collin (Mortimer L. Sullivan, of counsel), for appellant.

A. C. & J. P. Eustace (J. P. Eustace, of counsel), for respondents.

KELLOGG, J. The contention of the appellant is that the land descended to the heirs because the intention of the testator, as expressed in the will, is that a portion of the land should not go to the residuary devisees, and that is made manifest by the testator's devise of a portion of it to each of three other children; that the failure of the devise because of inability to locate the lots does not operate to affect the intention, and this intention must be controlling to the extent, at least, of preventing the land from passing by the residuary clause of the will to the residuary devisees. This contention would be undoubtedly sound if the principles prevailing under the common law were now, in this state, recognized as controlling. But I think the courts have declared a different principle, basing it upon the terms of the Revised Statutes, which made a will speak as of the date of death of the testator, rather than as of the date of the execution of the will. In Cruikshank v. Home for the Friendless, 113 N. Y. 354, 21 N. E. 64, 4 L. R. A. 140, Finch, J., says:

"Among the numerous reasons which have been assigned for the common-law rule, some of which were always artificial and unsatisfactory, the principal and most sensible one is well stated by Learned, J., in Hillis v. Hillis, 16 Hun, 76, and by Grover, J., in Youngs v. Youngs, 45 N. Y. 254. * * * This reason wholly disappeared when our statute made the will speak from the testator's death both as to real and personal property. * * * As I read Youngs v. Youngs, the lapsed devise was carried to the residue upon two grounds,—one, that the rule as to lapsed devises had become the same as to lapsed legacies. * * * I think that must be regarded as the correct rule applicable to a general residuary clause, which is not narrowed or restricted by the terms of its own construction. The testator in the present case clearly expressed his intention to pass all his property, and that nothing additional should pass to his heirs, beyond what he had effectually given them."

In Re Allen, 151 N. Y. 243, 45 N. E. 554, the case last referred to (Cruikshank v. Home for the Friendless) was cited and approved, and the court said:

"The rule is now the same as respects devises and bequests,—that any part of the estate not legally disposed of becomes a part of the residuary estate, and passes under a residuary clause embracing both real and personal property, in the absence of a contrary intention found in the will."

In Moffett v. Elmendorf, 152 N. Y. 485, 46 N. E. 845, the court again said:

"The lapsed devises went into the residue, as the common-law rule to the contrary has been done away with by the statute; and there is no longer any difference, as to the operation of a residuary clause, between lapsed devises and lapsed legacies."

The rule as to legacies is stated in Riker v. Cornwell, 113 N. Y. 124, 20 N. E. 602, and no distinction is made between lapsed and void legacies. Speaking of the general residuary clause in a will, the court says:

"It will include legacies which were originally void, either because the disposition was illegal, or because, for any other reason, it was impossible that it should take effect."

There is no solid ground for a distinction between lapsed devises and devises void because for any other reason they cannot be made effectual; and precisely the same reasoning which carries the void legacy to the residuary legatee takes, also, the void devise to the residuary devisee. The language of the residuary clause appearing in the will after making the specific devises mentioned, and which are shown to be ineffectual because of the indefinite description, "all the rest, residue, and remainder of my property, both real and personal," expresses no intent on the part of the testator to limit or exclude from the residuum anything personal or real,— anything whatever which for any reason might prove to be ineffectually disposed of. It expresses a clear intent on the part of the testator to make a full and complete disposition of his property, and a disherison of the heir at law is here very plainly declared. Riker v. Cornwell, 113 N. Y. 124, 20 N. E. 602; Hulin v. Squires, 63 Hun, 352, 18 N. Y. Supp. 309.

The interlocutory judgment sustaining the demurrer should be affirmed, with costs. All concur.