### In re WOOLEY et al.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. WILLS—RESIDUARY CLAUSE—INTERPRETATION—LAPSED LEGACIES.

Testator directed his executor to sell his residuary estate and distribute certain fractional parts of the proceeds and specified sums therefrom among certain named persons, and in the same clause provided that "all the rest, residue, and remainder of said proceeds" should be divided equally among the children of his brother when they attained majority. Some of the residuary legatees to whom specified sums were given died before testator. *Held*, that testator's next of kin, and not the residuary legatees, were entitled to the lapsed legacies.

Appeal from surrogate's court, New York county.

Judicial settlement of the accounts of C. T. Wooley, as adminis-trator of the estate of Henry C. Wooley, deceased. From a decree of final settlement (77 N. Y. Supp. 934), Charles E. Hawkins and another, as next of kin of the deceased, appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-TERSON, O'BRIEN, and LAUGHLIN, JJ.

G. P. Foulk, for appellants.

George W. Weiffenbach, for respondent.

O'BRIEN, J. The testator's will was made May 31, 1881, and upon his death admitted to probate July 2, 1901. Three legatees mentioned in the seventh, or residuary, paragraph, had died before the testator; and the question arises whether the shares therein speci-fied that they should receive shall be paid to the persons named in the final subdivision of the residuary paragraph, or whether the testator as to these sums died intestate, and they must be divided among the next of kin. The surrogate held that the testator did not die intestate as to these moneys, and directed that the persons mentioned in the final subdivision of the residuary paragraph should receive them. From the decree so entered, the next of kin appeal.

The seventh or residuary clause is as follows:

"Seventh: All the rest, residue, and remainder of my estate, real and per-sonal, or of whatsoever the same may consist, or wheresoever the same may be situate, which at the time of my death I may have, hold, or be entitled to, I give, devise, and bequeath to my executors hereinafter named; to have and hold the same in trust for the uses and purposes following: To sell and dis-pose of the same, and apply the proceeds as follows: First. To pay the one-fifth part thereof to my sister Sarah Ann Jarvis. Second. To pay the one-fifth part thereof to my sister Eliza Jane Reed. Third. To pay the one-fifth part thereof to my sister Mary A. Simmons. Fourth. To pay the one-fifth part thereof to my brother Oliver J. Wooley. Fifth. To pay the one-tenth part thereof to my friend Caroline S. Dean. Sixth. To pay Mary Black, wife of John H. Black, the sum of $200. Seventh. To pay George H. Black, son of said John H. Black, the sum of $200. Eighth. To pay Mary A. Black, daughter of John H. Black, the sum of $200. Ninth. To pay to Henry C. Black, a son of said John H. Black, when he arrives at full age, the sum of $200. Tenth. To divide all the rest, residue, and remainder of said pro-ceeds among the children of my brother, Oliver J. Wooley, share and share alike, when they respectively arrive at the age of 21 years."

Two of the sisters, Sarah Ann Jarvis and Mary A. Simmons, and the brother, Oliver J. Wooley, above mentioned, each named to re-ceive a one-fifth part, died prior to the death of the testator; and it is conceded that their legacies so designated lapsed. The question presented is whether such legacies are to go to the children of Oliver J. Wooley, under the tenth subdivision of this paragraph, or are to be divided among the next of kin on the ground that the testator as to them died intestate. Do the words "rest, residue, and remainder," used in this tenth subdivision, include such sums mentioned in the preceding subdivisions of the seventh paragraph as would lapse by death of the persons named? We think that the seventh paragraph is a general residuary clause, and that the subdivision referred to (subdivision 10) disposes merely of the residue of the remainder.

This conclusion is supported by the numbering and arrangement of the clauses of the will, the tenth subdivision not being a clause of itself, but merely a part of a clause. That subdivision, moreover, provides distinctly that the rest and remainder "of said proceeds" (not of what is otherwise undisposed of) is to be divided among the children of Oliver J. Wooley; and the proceeds referred to are those which came into the operation of the seventh or residuary paragraph, because not bequeathed by the preceding paragraphs. Of such proceeds the three persons named in subdivisions first, third, and fourth of that paragraph, and who died before the testator, were each to receive a one-fifth part; and it was only what remained of such proceeds after the apportionment set forth was made that those named in the tenth subdivision were to take. As said in Re Benson, 96 N. Y. 510, 48 Am. Rep. 646:

"The testator may, by the terms of the bequest, narrow the title of the residuary legatees,—as where it appears to be his intention that the residuary legatees shall have only what remains after the payment of legacies; and he may so circumscribe and confine the residue as that the residuary legatee will be a specific legatee, and then he will not be entitled to any benefit accruing from lapses unless what should have lapsed constitutes a part of the particular residue."

We think that is precisely what has been done by the testator in this case. The tenth subdivision cannot be regarded as a general residuary clause of the will unequivocal in terms. The seventh subdivision serves that office, and provides what shall be done with the testator's property not bequeathed by the preceding clauses, and by it the proceeds of such property are divided into different portions, and given to specified persons, and only what is left of such proceeds after such apportionment is given to the beneficiaries named in the tenth subdivision. It follows that the first, third, fourth, fifth, sixth, seventh, eighth, and ninth subdivisions of paragraph 7 constitute specific legacies, and the lapse of any of them did not add to what was designated in the tenth subdivision, which also constitutes a specific legacy. As held in Kerr v. Dougherty, 79 N. Y. 346:

"The general rule is that in a will of personal property the general residuary clause carries whatever° is not otherwise legally disposed of. But this rule does not apply where the bequest is of a residue, and the first disposition fails. This was held in Beekman v. Bonsor, 23 N. Y. 298, 312, 80 Am. Dec. 269, and it was there laid down, quoting from the master of the rolls in Skrymsher v. Northcote, 1 Swanst. 570: 'It seems clear on the authorities that a part of the residue of which the disposition fails will not accrue in augmentation of the remaining parts as a residue of a residue, but, instead of resuming the nature of residue, devolves as undisposed of.' "

See, also, Riker v. Cornwell, 113 N. Y. 115, 20 N. E. 602.

In Morton v. Woodbury, 153 N. Y. 243, 47 N. E. 283, which presents the latest formulation of the rule by the court of appeals, and wherein the authorities above cited, with many others, are collated and explained, it is said:

'From these and other cases on this subject it will be seen that in considering a residuary clause in a will the court will look at the context to ascertain, not so much whether it was the intention that the residuary legatee should take the benefit of a lapsed bequest (for it may be argued in most cases that the testator does not mean that the residuary legatee should take what is

previously given from him, for he does not contemplate the case), but whether the words used are so strong and expressive as necessarily to exclude property which falls in by lapse, and to limit the bequest of the residue to a particular residue, instead of permitting it to be read as a general residuary bequest."

In the present will we have words which we think sufficiently expressive "to exclude property which falls in by lapse, and to limit the bequest of the residue to a particular residue." As we have attempted to point out, the testator, by the tenth subdivision of paragraph 7, gives only the remainder "of said proceeds," referring to the proceeds arising from his estate not bequeathed by those paragraphs which precede the seventh paragraph. A part of the proceeds otherwise given by the other subdivisions of the seventh paragraph to designated beneficiaries failed to pass because of the death of such beneficiaries, and for this contingency the testator has made no provision. The gift to the children of Oliver J. Wooley has been limited to what was specifically given them by subdivision 10 of the seventh paragraph, namely, a portion of specified proceeds; and they are not, therefore, entitled to take the legacies referred to which have lapsed. Our conclusion thus being that such legacies are undisposed of by the will, it follows that they pass to the next of kin.

The decree appealed from should accordingly be modified so as to direct distribution of the property which lapsed out of the general residuary clause among testator's next of kin, with costs to the appellants, payable out of the estate. All concur.