Orrin J. Judd, S.
Incidental to the judicial settlement of her account, the administratrix c. t. a. seeks a determination as to the persons entitled to the remainder of the trust under paragraph “ fifth ” of testatrix’ will.
Testatrix died on January 14,1927 survived by three daughters and a son. Letters testamentary were issued to Ella G. Kells, one of the testatrix’ daughters. Upon Ella’s death the petitioner, who is also testatrix’ daughter, was appointed administratrix c. t. a. on August 3,1933.
Under subdivision 1 (a) of paragraph “ fifth ” of her will, testatrix provided a trust with the income payable for life to her son Harold. Upon Harold’s death, the remainder of said trust was to be paid to testatrix’ “ children then surviving, or their issue, the issue to take the share its parent would have taken had it or they survived me.” Harold refused to accept the provisions of the will and renounced his rights thereunder.
A construction proceeding was instituted by the executrix seeking a determination that the remainder of Harold’s trust vested in the three daughters. This court held that the remainders were “ contingently vested in the living daughters of the testatrix, subject to divestiture upon their death prior to that of the testatrix’ son, Harold” (Matter of Graham, 145 Misc. 628 [Nov. 25, 1932]), and that the testatrix’ daughters were entitled to the income from the trust fund as the persons entitled to the next eventual estate.
Testatrix’ son died in 1961 without issue, and the petitioner is the only daughter who survived Harold. The other two daughters, Grace and Ella, predeceased Harold and both left issue them surviving; Grace was survived by her daughter, Elizabeth B. Green; and Ella died in 1933 and was survived by three daughters, Ella MacBenninger, Ruth Leverich and Dorothy Columbia. Dorothy Columbia died in 1948 survived by five children, Margaret Ann, John, Frank, Ruth and Mary Ellen Columbia, the whereabouts of two of whom being unknown.
*77 The petitioner contends that under the will testatrix’ predeceased daughters’ contingently vested interest in the remainder terminated upon their death prior to the life beneficiary and prevented any interest therein from vesting in their issue. Petitioner argues that as testatrix bequeathed the remainder of the trust “to my children then surviving”, the words indicate testatrix’ intention to make a primary gift of the remainder only to such of her children as survived the life tenant. That appears to be a narrow construction, placing emphasis on one phrase without regard to the instrument as a whole. There is nothing in the will to support the view that the issue of a daughter who predeceased Harold would take its parent’s share only if all of testatrix’ children predeceased the life beneficiary. Such a construction would do violence to the plan of the will. The language of the will is obscure in several respects, and requires construction. The proceeding before Surrogate Wingate resolved only one of the problems. Read literally and with due regard to the accepted rules of grammar, the language of subdivision 1 (a) of paragraph ‘ ‘ fifth ’ ’ can result in a contradiction or an absurdity. Upon Harold’s death, testatrix gave the remainder to her “ children then surviving, or their issue ”. If the pronoun “ their ” refers to the complete phrase “ Children then surviving ”, she gave the remainder to the children then surviving or the issue of the children then surviving. If a surviving child had issue, this literal reading would give no guidance as to whether the surviving child takes or the issue of the surviving child takes.
If, however, the words “then surviving” are read as a descriptive phrase rather than as a limiting one, so that the gift of the remainder is (1) “to my children then living ”, and (2) to the issue of my children [not then living], “ the issue to take the share its parent would have taken had it or they survived me ”, the language is given fuller meaning and effect. As thus read, the pronoun “their” refers to all testatrix’ children, and not merely to those who survived the life beneficiary. This proposed interpretation still leaves a problem about the pronoun “me.” Since the clause refers to the situation at the death of Harold, and the first phrase refers to ‘ ‘ children then living ’ ’, testatrix undoubtedly intended to refer to the death of the life beneficiary and incorrectly used “ me ” instead of the pronoun “ him ”.
Since the court has the power to reject, supply or transpose words in a will to carry out the intention of the testator, it is proper to make this correction (Matter of Gallien, 247 N. Y. 195, 201).
*78 The testatrix’ intention must he gathered from the language used in the entire instrument rather than from particular clauses which may miss the spirit of the whole document (Riker v. Cornwell, 113 N. Y. 115, 125; Matter of Fabbri, 2 N Y 2d 236, 240). Under paragraph “ fourth ” testatrix directed that her residuary estate be divided into four parts, for her four children, the income from three parts to be paid to testatrix’ three daughters until Harold attained or would have attained age 21, and the principal upon such event, and income from Harold’s part to be paid to him for life. The testatrix further provided under subdivision 3, with respect to the daughters’ shares, that if any of testatrix’ daughters died leaving issue them surviving, ‘ the issue of such child shall take the share its parent would have taken had it or they survived.” Testatrix therein clearly expressed her intention to substitute the issue of her children to take the share the child would have taken if any child predeceased either testatrix or Harold before his attainment of the age of 21 years. Those provisions of the will are consonant with testatrix’ intent to benefit each of her daughters or their issue equally, should any or all of the daughters predecease Harold. It is reasonable to construe the will as making the same disposition of Harold’s share after his death.
The intention of the testatrix, gathered from the will, controls (Matter of Bisconti, 306 N. Y. 442, 445). In the instant matter, testatrix’ intention to make a substitutional gift over to the issue of her predeceased daughters is apparent, and the court so holds. The court further holds that the word issue ”, as used by the testatrix, includes the children and grandchildren of her deceased daughters who are entitled to take the respective shares per stirpes that their parents would have been entitled to had they survived the life beneficiary (Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168, 173).